Williams, J.
recited the testimony, and then said that running a race, one rider may use every fair means to get the tract of *30 the other; but neither has a right to jostle the other, to strike-his horse, to run on his heels, or any thing of the kind. If one horse gets the tract of the other, he is not obliged to leave it, to save the other’s being polled, and if he is jostled or the like so as to lose the tract, the one that gave the jostle will be distanced, though he did it to save being polled himself. The opinion of the judges of race is not conclusive. The matter may be afterwards examined by a jury upon testimony produced before them. His Honor here said that he remembered the case of one Pucket in Halifax superior court ten or twelve years ago : where the judges of the race at the start differed in opinion, one saying that there was half a neck difference and the other that they were even, and at the other end the judges agreed that there was half a neck difference, but they all agreed together that it should be a draw race. Pucket however, who started the horse that came through first, recovered before a jury, by dividing the difference between the opinions of the two judges at the start, so as to win the race only by the distance of the quarter on the length of the horse’s neck.
Ashe, J.
—Hyder got the tract, and the other left it. Here is this point, whether the tract was obtained fairly or not? Col. Brown says he thinks Hyder forced the Centinel. out of the tract by his weight. If this was the case it was not fair, but whether agreeable to the rules of racing or not, I cannot tell. It is true the plaintiff’s witnesses are generally sportsmen, and of course their curiosity was engaged, and the probability is that they observed nicely but they only, speak negatively, &c.
It was clearly held by both the Judges that an action well lay against the stake holder, by the party that won the race; and none would lie against the losing party: because he had complied with that article of the agreement, which obliged him to pay, by staking his money with the defendant.
A verdict was found, under these charges, for the plaintiff.
Ashe, J. and Williams, J. present.